UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH COLVIN, JR. #192744 and
GEORGE BETTS #145197,

        Plaintiffs,

v.

DUNCAN MACLAREN, et al.,

        Defendants.

_____/

Case No. 2:16-CV-202

HON. GORDON J. QUIST

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiffs, two state prisoners incarcerated with the Michigan Department of Corrections, sued Defendants, Duncan MacLaren and Cecil Daley, alleging claims pursuant to 42 U.S.C. § 1983 for retaliation in violation of the First Amendment and violation of the Eighth Amendment based on the use of handcuffs. Defendant MacLaren filed a motion for summary judgment and Defendant Daley filed a separate motion to dismiss and/or for summary judgment. On May 31, 2018, Magistrate Judge Greeley issued a Report and Recommendation (R & R) recommending that the Court grant Defendants' motions as to Plaintiffs' Eighth Amendment claims and deny them as to the retaliation claims. (ECF No. 47.)

Plaintiff Colvin filed a timely objection (ECF No. 49) on June 14, 2018. Plaintiff Betts did not object, but instead moved for an extension of time to file an objection. (ECF No. 54.) On July 6, 2018, the Court granted Plaintiff Betts's motion in part, giving Betts thirty days to file an objection. (ECF No. 58.) Betts failed to file an objection within the thirty days. Accordingly, the Court will address only Plaintiff Colvin's objection and deems Betts's objections waived.

Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Plaintiff Colvin's objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Colvin presents three objections. First, he objects to the magistrate judge's statement on page 2 of the R & R that Plaintiffs' "typewriters were damaged and had to be replaced." (ECF No. 47 at PageID.458.) Colvin argues that this statement is wrong because his "typewriter is still severely damaged and must be repaired by Brother International," and "Plaintiff Betts-Bey's typewriter was not functioning (working) period." (ECF No. 49 at PageID.479.) This objection is without merit. Whether Plaintiffs' typewriters were damaged and had to be replaced or repaired is not pertinent to the magistrate judge's analysis of whether Plaintiffs stated valid retaliation claims. In other words, the magistrate judge did not make a finding that Plaintiffs' typewriters need to be replaced rather than repaired.

Next, Colvin argues that the magistrate judge failed to make a "judgment (recommendation)" regarding Plaintiffs' claim of retaliation based on destroyed or lost property. This objection also lacks merit. As noted above, the magistrate judge concluded that "Plaintiffs (sic) allegations [including their allegations that 'some of their property was damaged and/or lost during the transfer'] are sufficient to state retaliation claims." (ECF No. 47 at PageID.462.) The magistrate judge was thus not required to specifically address the damaged/lost property allegation.

Finally, Colvin complains that the R & R did not address Colvin's motion for summary judgment. (ECF No. 41.) This objection, like the others, lacks merit. The R & R was issued on May 31, 2008. At that point, Colvin's motion was not fully briefed, as the time for Defendants to respond had not run. Moreover, the magistrate judge was not required to address all pending motions at the same time.

Therefore,

**IT IS HEREBY ORDERED** that the May 31, 2018, Report and Recommendation (ECF No. 47) is **ADOPTED** as the Opinion of the Court, and Plaintiff Colvin's Objection (ECF No. 49) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' motions (ECF Nos. 19 & 44) are **GRANTED** as to Plaintiffs' Eighth Amendment claims and **DENIED** as to Plaintiffs' retaliation claims.

Dated: August 24, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE