UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH COLVIN #192744, JR, and
GEORGE BETTS #145197,

       Plaintiffs,

v.                                                      Case No. 2:16-cv-00202
                                                      HON. GORDON J. QUIST

DUNCAN MACLAREN, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoners Kenneth Colvin, Jr. and George Betts pursuant to 42 U.S.C. § 1983 against Defendants Duncan MacLaren and Cecil Daley. Plaintiffs assert retaliation claims stemming from their prison transfers and the destruction of their property. Plaintiff Colvin filed a motion for summary judgment. (ECF No. 41). Defendants filed a response (ECF No. 48). Plaintiff filed a reply. (ECF No. 59).

In their complaint, Plaintiffs allege that they were chosen to be Prisoner Housing Unit Representatives at Kinross Correctional Facility (KCF) in March of 2016. As Prisoner Housing Unit Representatives, Plaintiffs attended "Warden Forum Meetings." In one such meeting, Plaintiffs raised "several non-frivolous issues" on behalf of all the prisoners. Following this meeting, Plaintiffs helped organize a "peaceful protest" at KCF that complied with MDOC policy. In addition, Plaintiff Colvin was a member of the Food Service Committee at KCF. He

alleges that he filed several grievances against KCF staff because he had a conflict performing some of his duties on the Food Service Committee.

On April 7, 2016, Plaintiffs were transferred out of KCF. They allege that several prison guards came to their cell at 4:30 a.m., woke them up, placed them in handcuffs, and escorted them to the control room. Plaintiff Betts was sent to Oaks Correctional Facility (ECF). Plaintiff Colvin was initially sent to Saginaw Correctional Facility (SRF), but because SRF did not offer a religious meal, he was subsequently sent to ECF. Plaintiffs allege that ECF is considered a disciplinary facility. Plaintiffs did not receive their property for over five days. When Plaintiffs finally received their property, their typewriters were damaged. In addition, Plaintiff Colvin's electric shaver and eyeglasses were missing. Plaintiffs allege that Defendant MacLaren ordered the transfer and that Defendant Daley completed a Security Classification Review two-days prior.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416

2

(6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff Colvin asserts that he was transferred without his property in retaliation for filing a series of grievances due to his housing representative duties.  Plaintiff Colvin also alleges that he was placed in handcuffs and taken to the control room, and that 27 other prisoners who were transferred were allowed to pack personal property and were not handcuffed and taken to the control room.  Plaintiff Colvin asserts that he is entitled to summary judgment against Defendants on his retaliation claims. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Id.*

Defendants have asserted security concerns as the reason for the transfer.  Plaintiff Colvin argues that this reason is a pretext created to defend his retaliation claims.  Contrary to Plaintiff Colvin's arguments, it is the opinion of the undersigned, that a question of fact exists regarding Plaintiffs' retaliatory transfer claims.  Plaintiff Colvin asserts that he, and Betts-Bey,

3

were transferred due to their housing representative duties and grievances that they had filed. Defendants assert that the transfer was a routine transfer due to security concerns and that Plaintiffs were in a group of thirty prisoners who were transferred that day. Plaintiff Colvin argues that Defendants failed to inform them of their impending transfer when they attended the April 6, 2016 Warden Forum's meeting. In addition, Plaintiff Colvin argues that if they were truly a security threat, they would not have remained in general population and been allowed to attend the Warden Forum's meeting. Plaintiff Colvin argues that this establishes that they were not considered security threats and were actually transferred in retaliation for engaging in protected conduct. In the opinion of the undersigned, a genuine issue of material fact exists whether Plaintiffs were transferred in retaliation due to their block representative duties and grievances. Similarly, a genuine issue of fact exists regarding the timing and manner in which Plaintiffs' were transferred, including whether the act of being handcuffed and taken to the control room before being allowed an opportunity to pack their property was retaliatory. In the opinion of the undersigned, these issues may not be decided on a motion for summary judgment because they are factual issues that must be resolved at trial.

Therefore, it is recommended that Plaintiff Colvin's Motion for Summary Judgment (ECF No. 41) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                                             /s/ Timothy P. Greeley  
                                             TIMOTHY P. GREELEY  
                                             UNITED STATES MAGISTRATE JUDGE

Dated:   October 1, 2018