UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH COLVIN, JR. #192744 and
GEORGE BETTS #145197,

        Plaintiffs,

v.

DUNCAN MACLAREN, et al.,

        Defendants.
                               /

Case No. 2:16-CV-202

HON. GORDON J. QUIST

## ORDER ADOPTING REPORT AND RECOMMENDATION

On October 1, 2018, Magistrate Judge Greeley issued a Report and Recommendation (R & R) recommending that the Court deny Plaintiff Colvin's motion for summary judgment against Defendants MacLaren and Daley on Colvin's retaliation claim. (ECF No. 41.) After reviewing Colvin's arguments, the magistrate judge concluded that genuine issues of material fact remained as to whether Plaintiffs were transferred in retaliation for performing their duties as block representatives and filing grievances and whether the timing and manner in which Plaintiffs were transferred—being handcuffed, transferred on short notice, and not permitted to pack their property—were due to unlawful retaliation. (ECF No. 71 at PageID.555.)

Plaintiff Colvin has filed a timely Objection to the R & R, arguing that the magistrate judge erred in denying Colvin's motion for summary judgment.[1]

Pursuant to 28 U.S.C. § 636(b), upon receiving an objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified

---

[1] Although Colvin states that he is objecting on behalf of his co-Plaintiff, Betts, as well, a prisoner may not sign documents on behalf of another prisoner in federal court. *See* Fed. R. Civ. P. 11(a); *Currie-Lamar v. Stephenson*, No. 18-cv-11663, 2018 WL 3222797, at *2 (E.D. Mich. July 2, 2018).

proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Plaintiff Colvin's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Where, as here, the party with the burden of proof moves for summary judgment, "a substantially higher hurdle must be surpassed." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002) (internal quotation marks omitted). That is, a moving party with the burden of persuasion at trial—in this case, Colvin—"must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Id.* (internal quotation marks omitted). In the Court's judgment, Colvin has not met this burden.

Colvin first objects that the magistrate erred in denying his motion because Defendants offered only "conclusory" reasons for their actions without specific facts explaining, for example, why Plaintiffs presented a security threat. Colvin further argues that Defendants responded with inadmissible hearsay, rather than evidence that would suffice to create a genuine issue of fact for trial. Finally, Colvin notes that the magistrate judge failed to consider that Defendant MacLaren did not mention in his response to Colvin's Step II grievance appeal that Plaintiffs posed a security threat.

While Colvin is correct that Defendants did not present affidavits or declarations to support their response to Colvin's motion, they did cite Defendant MacLaren's answers under oath to Colvin's first set of interrogatories as support that Plaintiffs' transfer was motivated by security concerns. (ECF No. 48 at PageID.474 (citing ECF No. 34-1 at PageID.387–88).) Such evidence is competent to defeat a motion for summary judgment. *See Clemons v. Shelby Cnty. Bd. of Educ.*, No. 3:15-CV-552-GNS-DW, 2018 WL 1476678, at *13 n.24 (W.D. Ky. Mar. 26, 2018) ("Verified or sworn pleadings are competent summary judgment evidence; unverified answers to

interrogatories and interrogatories not based on personal knowledge are not." (internal quotation marks omitted)). Colvin's argument, essentially, is that Defendants' lack of specificity about why they considered Plaintiffs security threats mandates summary judgment. However, the lack of specifics is not a basis for judgment in favor of Plaintiffs, particularly since a "[d]efendant's motivation and intent are clearly jury issues." *Sweeney v. Corr. Med. Servs., Inc.*, No. 04-40284, 2007 WL 1005962, at *8 (E.D. Mich. Mar. 30, 2007); *see also Ctr. for Bio-Ethical Reform v. City of Springboro*, 477 F.3d 807, 824–25 (6th Cir. 2007) (the issue of a defendant's retaliatory intent "presents very squarely a factual question inappropriate for resolution on summary judgment"). Thus, the magistrate judge did not err in concluding that Defendants presented proper and sufficient evidence to defeat Colvin's motion.

Colvin also argues that the magistrate judge erred in concluding that a genuine issue of material fact remains for trial because Defendants' reasons for transferring Plaintiffs do not hold up in light of all of the surrounding circumstances. Colvin's arguments, however, present issues of fact and credibility for the jury, not an issue of law for the Court. Of course, on summary judgment, a court may not "weigh the evidence," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511 (1986), or make credibility determinations. *See Centra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008) (noting that in ruling on summary judgment "[i]t is an error for the district court to resolve credibility issues against the nonmovant"). As noted above, Defendants' intent in transferring Plaintiffs is a factual question for the jury. Colvin's second objection is thus also overruled.

Therefore,

**IT IS HEREBY ORDERED** that the October 1, 2018, Report and Recommendation (ECF No. 71) is **ADOPTED** as the Opinion of the Court, and Plaintiff Colvin's Objection (ECF No. 74) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff Colvin's motion for summary judgment (ECF No. 41) is **DENIED**.

Dated: November 29, 2018  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE